IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENTEL JOHNSON<br>    Plaintiff, | §<br>§<br>§ | |
| V. | § | Civil Action No. 4:21-cv-00879 |
| | § | |
| CONTRACT FREIGHTERS, INC.<br>    Defendant. | §<br>§<br>§ | |

### DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S CLAIMS PURSUANT TO RULE 12 (b) (6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant **CFI FREIGHTERS, INC**. ("CFI"). moves this Court to dismiss with prejudice the claims of negligence per se, negligent hiring, supervision, training and retention, negligent exercise of control, and gross negligence asserted against CFI in Plaintiff, Jentel Johnson's, ("Johnson") Original Petition [Docket #1].

### I. BACKGROUND SECTION

1. CFI is an interstate carrier of cargo. Camille Conner ("Driver") at all times involved in this litigation was an employee of CFI as a truck driver. Plaintiff alleges in Section I of the Plaintiff's Original Petition that on January 26, 2021, Conner, while in the course and scope of her employment, had a vehicle accident with the Plaintiff while making a left-hand turn. [Docket #1].

2. Plaintiff brought suit in District Court of Harris County, Texas, against CFI which the Defendant removed to this honorable court. In Plaintiff's Original Petition [Docket #1], In Section V, Causes of Action, Plaintiff asserted claims against CFI of negligence per se [Section V (C)]; negligent entrustment [Section V (D)]; negligent hiring, supervision, training and retention [Section V, (E)]; Negligent Exercise of Control (Section V, (F)] and Gross Negligence [Section V (G)]. See Docket #1.

## II. THE LEGAL STANDARD UNDER RULE 12(b)(6)

3. Rule 12(b)(6) permits dismissal if a plaintiff fails "to state a claim upon which relief can be granted."[1]

4. In the United States Supreme Court case, *Bell Atlantic Corp. v. Twombly*, the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[2]. *Twombly* provides a two-step analysis for whether a petitioner has met the pleading sufficiency standard, which was affirmed in *Ashcroft v. Iqbal*.[3]

5. First, a trial court must eliminate any conclusory statements contained in the complaint.[4] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[5] Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." [6]

6. Second, to withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."[7] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[8]

7. The requirements are not satisfied by "an unadorned the-defendant-unlawfully-harmed-me accusation."[9] Neither a "formulaic recitation of the elements of a cause of action" nor

---

[1] Fed. R. Civ. P. 12(b)(6).
[2] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Fed. R. Civ. P. 8(a)(2).
[3] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
[4] *Id.* at 678.
[5] *Id*; *Twombly* at 570.
[6] *Iqbal* at 678-79.
[7] *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570)).
[8] *Iqbal* at 678.
[9] *Id*.

"naked assertions devoid of further factual enhancement" is sufficient to withstand a motion to dismiss under Rule 12(b)(6).[10] A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient to "raise a right to relief above the speculative level."[11]

8. To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[12]

9. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] But, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[14]

10. In reviewing a Rule 12(b)(6) motion, the Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss.[15] When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief.[16]

11. The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[17]

---

[10] *Id.*
[11] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).
[12] *Twombly*, 550 U.S. at 570.
[13] *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).
[14] *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).
[15] *Iqbal*, 129 S. Ct. at 1949-50.
[16] *Id.*
[17] Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010).

12. The task of determining whether a petitioner has met the pleading sufficiency standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[18] "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'"[19]

13. Finally, Rule 12(b)(6) authorizes courts to dismiss claims for failure to state a legally cognizable claim that is plausible.[20] The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.[21]

### III. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

#### A. NEGLIGENCE PER SE

14. Plaintiff alleges that Defendant's conduct was negligence per se because of a breach of duty imposed by statute. Plaintiff cites two statutes: Tex. Transp. Code Ann. §545.103 and Tex. Transp. Code Ann. §545.060. Plaintiff further alleges that Plaintiff is within the class of individuals to be protected by these statutes, that the statutes are ones for which tort liability may be imposed, and the breach of the statutory duties proximately caused the Plaintiff's injuries. [Docket #1, Section V (E)].

---

[18] *Iqbal.* at 679.
[19] *Twombly*, 550 U.S. at 558 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 233-34 (3d ed. 2004)) (alteration in original).
[20] 20 *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[21] *Id.* (citation omitted).

634585.1 PLD 0001426 21577 ERB

15. Plaintiff must show more than a violation of a regulation to survive summary judgment. They bear the burden of proof when it comes to the causation element.[22] Cause-in-fact must be proven by evidence, not conjecture, argument, or speculation.[23]

16. Plaintiff has failed to specify or provide sufficient factual allegations to establish that they are entitled to the relief alleged. More specifically, Tex. Transp. Code Ann. §545.103 requires the Plaintiff to prove that the operator turning the vehicle to enter a private road or driveway unless it can be made safely. Yet there are no allegations in Plaintiff's Original Petition regarding the road involved and the details surrounding whether the move can be made safely or whether this statute imposes a duty beyond that which is found at common-law. Although Plaintiff has listed several statutes, Plaintiff has not brought forth any factual instances of how Defendants violated those statutes. Because Plaintiff has failed to plead any facts to support a negligence per se claim, this claim must be dismissed as a matter of law.

   **B.** **<u>NEGLIGENT ENTRUSTMENT CLAIM</u>**

17. Proving negligent entrustment under Texas law requires 1) entrustment of a vehicle by the owner; 2) to an unlicensed, incompetent, or reckless driver; 3) the owner knew or should have known, the driver was unlicensed, incompetent, or reckless; 4) the driver was negligent on the occasion in question; and 5) such negligence caused the injury. Knowledge of the driver's incompetency at the time of entrustment is an essential element to establish negligence. This generally involves "evidence of previous traffic violations, previous habits or intemperance in efforts to establish incompetence or recklessness in negligent

---

[22] Mo. P. R. Co. v. Am. Statesman, 552 S.W.2d 99, 102 (Tex. 1977); Moughon v. Wolf, 576 S.W.2d 603 (Tex. 1978).
[23] Ambrosio v. Carter's Shooting Ctr., Inc., 20 S.W.3d 262, 265 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

entrustment cases." Moreover, there must be proof that "the risk that caused the entrustment or hiring to be negligent caused the accident at issue."[24]

18. Plaintiff has pled that CFI consented and permitted Driver, Conner, to operate the motor vehicle at the time of the collision, and that Defendant should have known that "Conner should not have been operating the vehicle." [Docket #1, Section V (D)]. Plaintiff has failed to plead any surrounding facts to support such allegations, which includes a failure to bring forth any factual instances of previous traffic violations, bad driving habits, or intemperance. Because Plaintiff has failed to plead any facts to support a negligent entrustment claim, this claim must be dismissed as a matter of law.

   **C.** **NEGLIGENT HIRING, SUPERVISION, TRAINING, AND RETENTION CLAIM.**

19. Negligent hiring, supervision, training or retention requires that the employer's failure to investigate, screen, or supervise its employees proximately caused the injuries the plaintiff alleges.[25] To establish a claim for negligent hiring, a plaintiff must demonstrate that there is "[some]thing in the employee's background that would cause a reasonable employer not to hire or retain the employee."[26] "To establish a claim for negligent supervision, a plaintiff must show that an employer's failure to supervise its employees caused his injuries."[27] "To establish a claim for negligent training, a plaintiff must prove that a reasonably prudent employer would have provided training beyond that which was given and that failure to do so caused his injuries."[28]

20. In his Original Petition, Plaintiff does not provide any factual basis for their assertion that Defendant Company was negligent its hiring, retention, supervision, qualification, or

---

[24] *Magee v. G&H towing Co.,* 388 S.W.3d 711, 717 (Tex. App.—Houston [1st Dist.] 2012, no pet.).
[25] *Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 796 (Tex. 2006).
[26] *Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex. App.—Fort Worth 2008, no pet.).
[27] *Id.*
[28] *Id.*

training of the driver. Plaintiff merely asserts the legal conclusion that because the driver was in a collision in which she allegedly failed to yield the right of way while making a turn at an intersection, the driver was not a safe employee, and therefore, CFI was negligent in hiring, retaining, training, qualifying, and supervising her. *Iqbal* requires "more than a sheer possibility" that the defendant is liable for the misconduct alleged.[29] Even if assuming that Driver was incompetent and unfit for his position, Plaintiff fails to allege that CFI knew, or had reason to know, that Driver was unfit, that she presented an undue risk of harm to others, or that additional training could have prevented the collision. Without factual support, Plaintiff's claims of negligence in hiring, retention, qualification, supervision, and training must be dismissed.

### D. NEGLIGENT EXERCISE OF CONTROL CLAIM

21. "Under Texas law, in the absence of a relationship between the parties giving rise to the right of control, one person is under no legal duty to control the conduct of another, even if there exists the practical ability to do so." *Graff v. Beard*, 858 S.W. 2d 918, 920 (Tex.1993). The employer-employee relationship can give rise to this kind of duty. *Greater Houston Transp. Co. v. Phillips*, 801 S.W. 2d 525 (Tex 1990). But it is a narrow duty; typically, an 'employer is liable only for the off-duty tors of his employees which are committed on the employer's premises or with the employer's chattels.' *Otis Eng'g*, 668 S.W. 2d at 309 [citations omitted]. "[30]

22. In his Original Petition, Plaintiff does not provide any factual basis for their assertion that Defendant was negligent in its controlling the employee with employer's chattels and

---

[29] *Iqbal* at 678.
[30] *Loram Maintenance of Way v. Ianni*, 210 S.W. 3d 593, 596 (Tex. 2006).

certainly nothing about any incidents on its premises. Plaintiff merely asserts the conclusion that because the driver was in a collision in which she allegedly failed to yield the right of way while making a turn at an intersection. Without factual support, Plaintiff's claims of negligent exercise of control must be dismissed.

### E. GROSS NEGLIGENCE CLAIM

23. Under Texas statutory law, "gross negligence" means an act or omission: (a) which when viewed objectively from the standpoint of the actor at the time of the occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (b) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.[31]

24. An act or omission involves an extreme degree of risk when there is a likelihood of serious injury to the plaintiff.[32] An extreme degree of risk is more than a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to plaintiff.[33] Under the subjective element, "actual awareness means the defendant knew about the peril but its acts or omissions demonstrated that it did not care."[34] The subjective "awareness of risk" element requires that the defendant have "actual, subjective awareness of the risk involved," with the defendant choosing "to proceed in conscious indifference to the rights, safety, or welfare of others."[35] Both elements must be proven by clear and convincing evidence.[36]

---

[31] TEX. CIV. PRAC. & REM. CODE § 41.001(11).
[32] *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012).
[33] *Rayner v. Dillon*, 501 S.W.3d 143, 147 (Tex. App.—Texarkana 2016, pet. argued 2-7-18); *Mobil Oil Corp. v. Ellender,* 968 S.W.2d 917, 921 (Tex. 1998).
[34] *Boerjan v. Rodriguez,* 436 S.W.3d 307, 311 (Tex. 2014).
[35] *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 248 (Tex. 2008).
[36] *Waldrip*, 380 S.W.3d at 118.

25. Plaintiff has plead in his/her complaint that Defendant's acts and/or omissions, when viewed objectively from the Defendant's standpoint at the time such acts/or omissions occurred, involved an extreme degree of risk, and that Defendants had actual, subjective awareness of the risk but proceeded with a conscious indifference to the rights, safety, and welfare of others, including plaintiff.[37] This portion of the complaint is merely a recitation of the elements with no factual support to indicate how the Defendant had subjective awareness, or how Defendant proceeded in her actions with a conscious indifference. Without such factual support, Plaintiff's gross negligence claim does not meet the pleading standard set forth in *Twombly and* must therefore be dismissed as a matter of law.

### IV. PRAYER

For these reasons, Defendant, Contract Freighters, Inc. respectfully requests this Court to dismiss the foregoing claims that fail to state a claim upon which relief can be granted.

          Respectfully submitted,
          **LORANCE THOMPSON**

*/s/ Eric R. Benton*
Eric R. Benton
Attorney-in-Charge
SBN: 00797890
Federal ID: 20751
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: (713) 868-5560
Facsimile: (713) 864-46713
E-Mail: erb@lorancethompson.com
***Attorney for Defendant***

---

[37] *See* Plaintiff's Original Complaint, Paragraph ___.

634585.1 PLD 0001426 21577 ERB

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2021, a true and correct copy of the foregoing instrument was served by facsimile, e-file, U.S. Mail and/or certified mail, return receipt requested, to the following counsel of record:

Anthony G. Buzbee
Ryan S. Pigg
Cornelia Brandfield-Harvey
THE BUZBEE LAW FIRM
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
Email: tbuzbee@txattorneys.com
Email: rpigg@txattorneys.com
Email: cbrandfieldharvey@txattorneys.com

_____
Eric R. Benton

634585.1 PLD 0001426 21577 ERB