**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JENTEL JOHNSON** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **V.** | § | **Civil Action No. 4:21-cv-00879** |
| | § | |
| **CONTRACT FREIGHTERS, INC.** | § | |
| | § | |
| *Defendant*. | § | |

<u>**PLAINTIFF'S RESPONSE TO DEFENDANT'S PARTIAL
RULE 12(b)(6) MOTION TO DISMISS**</u>

COMES NOW, Plaintiff, Jentel Johnson, and files this Response to Defendant Contract Freighters, Inc.'s Partial Rule 12(b)(6) Motion to Dismiss. Defendant's Motion is meritless. Plaintiff pled plausible claims of negligence per se, negligent entrustment, negligent hiring, supervision, training, and retention, negligent exercise of control and gross negligence and would respectfully show this Court the following:

## I.     SUMMARY OF ARGUMENT

Plaintiff's petition states valid claims for relief under Federal Rule of Civil Procedure 8(a) because Plaintiff alleged at least some facts showing she is entitled to relief under each claim. Defendant's Motion to Dismiss is nothing more than a motion for summary judgment in disguise. Defendant even gives itself away by stating in its motion "Plaintiff must show more than a violation of a regulation to survive *summary judgment*." [Docket # 7, Section III (A), No. 15]. Defendant's motion is improper as the parties have yet to even conduct discovery. All Plaintiff must do is properly plead her claims, which she has done. Alternatively, Plaintiff asks this Court for leave to cure any claims the Court feels she deficiently pled under the Rules.

## II.     BACKGROUND

On January 26, 2021 in Harris County, Texas, Defendant's driver Camille Conner operated an 18-wheeler in a right-hand lane in the course and scope of her employment with Defendant Contract Freighters, Inc. Conner failed to yield the right of way during a left-hand turn at an intersection, causing a collision with Plaintiff Jentel Johnson's vehicle. Conner's vehicle pushed Plaintiff's vehicle into an electrical box, causing significant damage. According to Conner, she never saw Plaintiff's vehicle as she was making the improper turn. [Docket #1, Section I]. The Harris County Constable Precinct 4 issued a citation to Camille Conner for failing to yield when turning left. [Docket #1, Section I].

The incident caused Plaintiff to suffer severe injuries to her body, including but not limited to her lower back and neck. [Docket #1, Section I].

Plaintiff filed suit against Defendant Contract Freighters, Inc. in Harris County District Court for her injuries which Defendant removed to this Honorable Court.[1]

## III.     STANDARD OF REVIEW

A 12(b)(6) motion should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957). The question before the Court in examining a 12(b)(6) motion is whether the plaintiff's complaint states any valid claim for relief. *Id.* Since federal courts simply require "notice pleading," the Court construes a plaintiff's pleading liberally, and lack of detail does not constitute a sufficient ground to dismiss a complaint under Rule 12(b)(6). *Strauss v. City of*

---

[1] Defendant failed to serve Plaintiff with a copy of this Honorable Court's Court Procedures and Practices as required by the rules. *See* Judge Alfred H. Bennett Court Procedures and Practices, https://www.txs.uscourts.gov/sites/txs/files/Judge%20Alfred%20H.%20Bennett%20Proc%20revised%2012032019.pdf.

*Chicago*, 760 F.2d 765, 767 (7th Cir. 11 1985). **Further, "[m]otions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted**. *Lormand v. US Unwired, Inc*., 565 F.3d 228, 232 (5th Cir. 2009) (internal quotations omitted) (emphasis added).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may move to dismiss the plaintiff's claims for "failure to state a claim upon which relief may be granted." *Id*. 12(b)(6). To survive such a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff. *Walker v. Beaumont Indep. Sch. Dist*., 938 F.3d 724, 735 (5th Cir. 2019). The strict standard of review under rule 12(b)(6) has been summarized as follows: "<u>**The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief**</u>." CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND 18 PROCEDURE § 1357, at 601 (1969); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th 19 Cir. 2000)(emphasis added). When attacked pursuant to Rule 12(b)(6), well-pled allegations in a complaint must be treated as true, and all reasonable inferences drawn in the plaintiff's favor. *Christie v. Standard Ins. Co*., No. C 02-02520 WHA, 2002 U.S. Dist. LEXIS 22062 at *5 (N.D. Cal. July 19, 2002).

## IV.    ARGUMENT AND AUTHORITIES

### A.  Plaintiff sufficiently pled a negligence per se claim.

To establish negligence per se, a plaintiff must prove: (1) the defendant's act or omission is in violation of a statute or ordinance; (2) the injured person was within the class of persons which the ordinance was designed to protect; and (3) the defendant's act or omission proximately caused the injury. *Miranda-Lara v. Rebert*, 2020 Tex. App. LEXIS 7001 (Tex. App.—Beaumont Aug. 31, 2020) at *9. A statute that creates an absolute duty may be appropriate for negligence per se because the statutory duty supplants the common law duty of ordinary care. *Id.*

Defendant argues in its Motion that Plaintiff fails to specify or provide sufficient factual allegations to establish the relief alleged. Those arguments do not withstand scrutiny, nor do they support dismissal as a matter of law. On the contrary, Plaintiff specifically states certain provisions of the Texas Transportation Code which Defendant has alleged to have violated as a result of the incident made the basis of this lawsuit:

1. TEX. TRANSP. CODE ANN. § 545.103: An operator may not turn the vehicle to enter a private road or driveway, otherwise turn the vehicle from a direct course, or move right or left on a roadway unless movement can be made safely.

2. TEX. TRANSP. CODE ANN. § 545.060: A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

[Docket # 1, Section V(C)].

Plaintiff alleges in her Petition that Conner failed to yield the right of way on a left-hand turn at an intersection, causing a collision with Plaintiff's vehicle which was traveling in the left lane on the road. [Docket #1, Section I]. Conner did not ensure she could make the movement safely as the statute states. Plaintiff has satisfied the pleading requirements for her negligence per se claim as a matter of law. The provisions of the Texas Transportation Code cited in Plaintiff's Petition, prescribe requirements for drivers on the road and are designed to protect a class of

people, not merely the general public. Plaintiff alleges injury of the type contemplated by the laws set forth in the Petition [Section I]. Furthermore, Plaintiff alleges that Defendant violated the applicable laws [Section V(C)]. Finally, Plaintiff alleges how Defendant caused the injuries suffered [Section I, V(C). The elements of negligence per se have been established as a matter of law and **remaining issues of fact can only be developed and addressed on summary judgment**.

The Court in *Goldfarb v. Elite Serv. Recovery & Towing, LLC* held that Defendant's Motion for Dismiss should be denied on a negligence per se claim in a motor vehicle incident when the Plaintiff clearly pled the violation of a specific section of the Texas Transportation Code in his Complaint, which governed the permitting regulations for oversized vehicles. ("When viewing the facts in the light most favorable to the non-moving party, Plaintiff's negligence *per se* claim includes 'enough facts to state a [negligence *per se*] claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570.") 2018 U.S. Dist. LEXIS 187402 at *4-5 (E.D. Tex. 2018). Similarly, here, Plaintiff Johnson has clearly pled the violation of a specific section of the Texas Transportation Code in her Petition, which governed the regulations for making a turn safely on the road, as well as describing how Ms. Conner violated that statute by failing to yield when turning left in her Factual Background. [Docket #1, Section 1].

For these reasons, the motion to dismiss the negligence per se claim should be denied.

**B. Plaintiff sufficiently pled a negligent entrustment claim.**

Once again, Defendant makes statements with regards to "proof" and "evidence" in its Motion to support its arguments [Docket #7, Section III (B)]. This is improper. Plaintiff is not required to show proof or evidence at the pleadings stage. Defendant is attempting to make this motion to dismiss a motion for summary judgment and mislead this Court. All Plaintiff has to do is sufficiently plead her claims, which she has done for negligent entrustment.

The elements of a negligent entrustment claim are: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident. *AmWins Specialty Auto, Inc. v. Cabral*, 582 S.W.3d 602, 609 (Tex. App.—Eastland 2019). Plaintiff satisfies the elements of negligent entrustment as a matter of law. Plaintiff alleges in her petition that Defendant Contract Freighters entrusted the vehicle to the driver Conner by consenting and permitting her to operate the vehicle at the time of the incident. [Docket #1, Section V(D)]. Plaintiff alleges Conner was incompetent and reckless [Section I]. Plaintiff alleges that Defendant knew or should have known Conner was incompetent and reckless, as she should not have been operating the vehicle [Section V(D)]. Plaintiff alleges Conner was negligent on the day of the incident and that Conner's negligence proximately caused the incident [Section I, Section V(D)].

For these reasons, Defendant's Motion to Dismiss as to negligent entrustment must be denied.

### C. Plaintiff sufficiently pled a negligent hiring, supervision, training and retention claim.

To recover on a claim of negligent hiring, training, supervision, and retention, the plaintiff must prove that: (1) the defendant was negligent in hiring, training, supervising, or retaining its employees and (2) an employee hired pursuant to the defendant's negligent hiring or supervision practices committed an actionable tort against the plaintiff. *Wansey v. Hole*, 379 S.W.3d 246, 247-48 (Tex. 2012).

"[A]n employer is liable for negligent hiring ... if it hires an incompetent or unfit employee whom it knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others." *Morris v. JTM Materials, Inc*., 78

6

S.W.3d 28, 49 (Tex. App.—Fort Worth 2002, no pet.). "A motor carrier has a duty to take steps to prevent injury to the driving public by determining the competency of a job applicant to drive one of its trucks." *Id.* The employer is liable if its negligence in hiring or retaining the unfit employee was a proximate cause of the plaintiff's injuries. *Id.*

Here, Plaintiff alleges in her Petition that Defendant was negligent in hiring, training, supervising and retaining its employee Camille Conner[2] and Ms. Conner, hired pursuant to Defendant's negligent hiring and supervision, committed an actionable tort against Plaintiff by failing to yield when turning left while driving and crashing into Plaintiff with her car [Docket #1, Section V(E)]. Plaintiff also alleges in her Petition that Defendant is liable for negligent hiring since it hired an incompetent employee whom it knew or by the exercise of reasonable care should have known was incompetent which created an unreasonable risk of harm to others.[3] [Docket #1, Section V(E)]. Plaintiff alleged in his Petition that Defendant's negligence in hiring Conner was a proximate cause of Mr. Johnson's injuries. [Section V(E)].

Therefore, for the reasons set forth above, Plaintiff has sufficiently stated a claim for negligent hiring, supervision, retention and training. Defendant's Motion should be denied.

**D.  Plaintiff sufficiently pled a negligent exercise of control claim.**

When a special relationship exists between the actor and the third person, Texas law imposes a duty upon the actor to control the third person's conduct. This includes the relationship

---

[2] Defendant concedes in its Motion that Ms. Conner was its employee at the time of the incident. [Docket #7, Section I].

[3] Docket #1, Section V(E) ("Defendant retained the services of Conner but failed to properly screen her driving record as to whether she was properly trained to do such work. Defendant also failed to remain knowledgeable about Conner's competence and fitness. Defendant knew or should have known the continued employment/contracting of Conner would create an unreasonable risk of harm to others. Defendant Contract Freighters knew or should have known that Conner was incompetent.")

between employer and employee, parent and child, and independent contractor and contractee under special circumstances. *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 526 (Tex. 1990) ("The employer-employee relationship can give rise to this kind of duty"). Plaintiff alleged in her Petition that Ms. Conner was an employee for Contract Freighters, Inc. at the time of the incident. [Docket #1, Section I]. Indeed, Defendant stated in its Motion that Ms. Conner was its employee for purposes of this lawsuit and at the time of the incident. [Docket #7, Section I]. There is no dispute on this issue.

Defendant's sole argument is that Plaintiff has not alleged that Ms. Conner was using Defendant's "chattels" at the time of the incident. [Docket #7, Section III (D)]. However, this requirement is only for when an employee commits an off-duty tort. *See Loram Maint. of Way, Inc. v. Ianni*, 210 S.W.3d 593 (Tex. 2006). ("…typically an employer is liable only for the off-duty torts of his employees which are committed on the employer's premises or with the employer's chattels."). Here, Ms. Conner was *on* duty at the time of the tort as alleged in the Petition. [Docket #1, Section I]. She was in the course and scope of her employment. [Section I]. Regardless, the assertion that Plaintiff did not allege Ms. Conner was using Defendant's chattel at the time of the incident is completely false. Even if it is shown that Ms. Conner was off duty, Plaintiff alleged in his Petition that Ms. Conner operated an 18-wheeler owned by Defendant Contract Freighters at the time of the incident. [Section I]. The 18-wheeler is the chattel in this scenario. Therefore, Defendant's Motion is meritless as Plaintiff has sufficiently pled his claim. Defendant's Motion should be denied.

**E.  Plaintiff sufficiently states a gross negligence claim.**

Plaintiff has sufficiently stated a gross negligence claim in his Petition. Under Texas law, gross negligence consists of an objective element and a subjective element. *U-Haul Int'l, Inc. v.*

*Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). First, a plaintiff must prove by clear and convincing evidence that, "when viewed objectively from the defendant's standpoint at the time of the event, the act or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others." *Id*. And, second, that "the defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others." *Id*.; *see also* Tex. Civ. Prac. & Rem. Code § 41.001(11) (West 2020). *See also U-Haul Int'l*, 380 S.W.3d at 137; *see also Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998) ("A corporation is liable for punitive damages . . . if it is grossly negligent in hiring an unfit agent.").

Simple negligence alone is not enough to satisfy either the objective or subjective elements of gross negligence. *Ellender*, 968 S.W.2d at 921. On the objective prong, "extreme risk" is not "a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Id*. As for the subjective prong, "actual awareness means that the defendant knew about the peril, but its acts or omissions demonstrated that it did not care." *Id*. While the plaintiff must eventually prove both elements by clear and convincing evidence, **"[o]f course, when addressing a motion to dismiss, the Court merely examines the operative pleading for sufficient factual allegations to support the challenged claim."** *See O'Malley v. Brown Bros. Harriman & Co*., 2020 U.S. Dist. LEXIS 37333 at \*7 (W.D. Tex. Mar. 3, 2020).

Defendant's sole argument as to why gross negligence claims should be dismissed is because Plaintiff did not provide enough "factual support" in his Petition to show Defendant had subjective awareness of the risk, or how Defendant proceeded in its actions with a conscious

indifference to the risk.[4] Again, this argument fails. Plaintiff is not required to provide "support" for his allegations at the pleadings stage. Plaintiff has made sufficient factual allegations in his Petition to state a claim for gross negligence, alleging the elements of gross negligence and facts relevant to those elements. [Docket #1, Section 1, Section V(G)]. Plaintiff alleged the acts and/or omissions of Defendant, when viewed objectively from its standpoint, involve an extreme degree of risk considering the probability and magnitude of the potential harm to others. [Section V(G)]. Plaintiff alleged Defendant had actual subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of the others, including Plaintiff. [Section V(G)].

Therefore, for the reasons set forth above, Defendant's Motion as to the gross negligence claim must be denied.

## V.     ALTERNATIVE MOTION FOR LEAVE TO AMEND

Plaintiff would respectfully request that she be given leave to amend her complaint should the Court find any claim deficiently pled.

Leave is particularly appropriate as the crux of most of Defendant's arguments center around deficiencies in pleading sufficient facts in support of certain claims.  "A district court should 'freely give leave' to amend a complaint 'when justice so requires.'" *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

---

[4] It should be noted that Defendant does not seek dismissal of Plaintiff's negligence claims. Therefore, Defendant concedes Plaintiff has sufficiently stated a claim for negligence in his Petition. And yet Defendant seeks a dismissal on gross negligence.

## VI.    CONCLUSION AND PRAYER

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Partial Motion to Dismiss in its entirety. In the alternative, Plaintiff would respectfully request leave to amend her Complaint.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Anthony G. Buzbee*
    Anthony G. Buzbee
    Attorney-in-Charge
    tbuzbee@txattorneys.com
    State Bar No. 24001820
    Federal Bar No. 22679
    Ryan S. Pigg
    State Bar No. 24088227
    rpigg@txattorneys.com
    Cornelia Brandfield-Harvey
    cbrandfieldharvey@txattorneys.com
    State Bar No. 24103540
    Federal Bar No. 3323190
    600 Travis, Suite 7300
    Houston, Texas 77002
    Telephone: (713) 223-5393
    Facsimile: (713) 223-5909

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been duly served on all counsel of record in accordance with the Federal Rules of Civil Procedure on April 29, 2021.

*/s/ Cornelia Brandfield-Harvey*
Cornelia Brandfield-Harvey