IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JENTEL JOHNSON** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| V. § | Civil Action No. 4:21-cv-00879 |
| § | |
| **CONTRACT FREIGHTERS, INC.** § | |
| § | |
| *Defendant*. § | |

## JOINT DISCOVERY CASE MANAGEMENT PLAN

COME NOW, Plaintiff Jentel Johnson, and Defendant, Contract Freighters, Inc. and file this Joint Discovery Case Management Plan pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules. The parties would respectfully show the Court as follows:

**1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The parties conferred via email and via phone as required by Rule 26(f) on May 24, 2021 and May 25, 2021. Cornelia Brandfield-Harvey attended on behalf of Plaintiff Jentel Johnson. Eric Benton attended on behalf of Defendant Contract Freighters, Inc.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

No related cases.

**3. Briefly describe what this case is about.**

Motor vehicle incident.

**4. Specify the allegation of federal jurisdiction.**

Diversity jurisdiction. Plaintiff Jentel Johnson is a resident of Texas. Defendant Contract Freighters, Inc. is a resident of Missouri.

**5. Name the parties who disagree and the reasons.**

1

No party challenges the basis of federal question jurisdiction.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

No additional parties are anticipated at this time. Discovery is ongoing. The parties reserve the right to supplement.

**7. List anticipated interventions.**

No anticipated interventions.

**8. Describe class-action issues.**

Not applicable. There are no class action issues.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have not exchanged initial disclosures to date. The parties have agreed to exchange initial disclosures two weeks after the filing of the Joint Discovery Case Management Plan.

**10. Describe the proposed agreed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f).**

1) Plaintiff and Defendant have considered the claims and defenses and have cooperatively developed this proposed plan for discovery;
2) Disclosures by each party are to be made on or before June 8, 2021;
3) A discovery plan has been discussed and conferred upon as set forth in this Joint Case Management Plan.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff will propound discovery requests, including Interrogatories and Request for Production to Defendant on or before July 6, 2021.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Defendant will propound discovery requests, including Interrogatories and Request for Production to Plaintiff on or before July 6, 2021.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates scheduling the deposition of Defendant, Defendant's witnesses and Plaintiff's fact witnesses within the discovery deadline proposed herein. Plaintiff anticipates scheduling the deposition of Defendant's designated expert witnesses (if any) within thirty (30) days of designation by Defendant.

**E.  Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates scheduling the deposition of Plaintiff, Plaintiff's witnesses and Defendant's fact witnesses within the discovery deadline proposed herein. Defendant anticipates scheduling the deposition of Plaintiff's designated expert witnesses (if any) within thirty (30) days of designation by Plaintiffs.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff anticipates that expert designations and reports can be provided no later than 120 days before jury selection. Defendant anticipates that they will designate experts with reports (if any) within 90 days of jury selection.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking the depositions of all expert witnesses designated by Defendant within thirty (30) days of the date designated. Additionally, Plaintiff intends to present and take the deposition of Plaintiff's retained expert witnesses 60 days prior to the discovery deadline.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendant anticipates taking the depositions of all expert witnesses designated by Plaintiff within thirty (30) days of the date designated. Additionally, Defendant intends to present and take the deposition of Defendant's retained expert witnesses 30 days prior to the discovery deadline.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Plaintiff and Defendant are in agreement.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13. State the date the planned discovery can reasonably be completed.**

3

November 8, 2021.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Plaintiff and Defendant do not foresee the possibility of being able to conduct any meaningful discussions regarding possible resolution until discovery has been conducted. The parties are always open to discussing the possibility of settlement and resolution.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

None at this time.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Mediation is reasonably suitable as an alternative dispute resolution technique. Mediation may be effectively used after the parties have had a reasonable time to engage in discovery.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

Plaintiff and Defendant made a timely jury demand.

**19. Specify the number of hours it will take to present the evidence in this case.**

Presentation of evidence is anticipated to take no more than twenty four (24) to thirty two (32) hours in light of the number of potential fact witnesses.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

To the extent not resolved by the initial pre-trial conference, Defendant Contract Freighter, Inc.'s Partial Motion to Dismiss.

**21. List other motions pending.**

None.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special

**attention of the court at the conference.**

None known at this time.

**23. List the names, bar numbers, addresses and telephone numbers of all counsel.**

**Anthony G. Buzbee**
Attorney-in-Charge
tbuzbee@txattorneys.com
State Bar No. 24001820
Federal Bar No. 22679
**Cornelia Bradfield-Harvey**
cbrandfieldharvey@txattorneys.com
State Bar No. 24103540
Federal Bar No. 3323190
Mauricio Guevara
State Bar No.
**THE BUZBEE LAW FIRM**
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

*Attorneys for Plaintiff*

Eric R. Benton
Attorney-in-Charge
SBN: 00797890
Federal ID: 20751
**LORANCE THOMPSON P.C**
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: (713) 868-5560
Facsimile: (713) 864-46713
E-Mail: erb@lorancethompson.com

*Attorney for Defendant*

**Signed on May 25, 2021.**

          **Respectfully submitted,**

          **THE BUZBEE LAW FIRM**

          */s/ Cornelia Brandfield-Harvey*
          Anthony G. Buzbee
          Ryan S. Pigg
          Cornelia Brandfield-Harvey
          Mauricio Guevara
          600 Travis Street, Suite 7300
          Houston, Texas 77002
          Telephone: (713) 223-5393
          Facsimile: (713) 223-5909
          Email: tbuzbee@txattorneys.com
          Email: rpigg@txattorneys.com
          Email: cbrandfieldharvey@txattorneys.com
          Email: mguevara@txattorneys.com

          **LORANCE THOMPSON P.C**

          */s/ Eric R. Benton (\*with permission)*
          Eric R. Benton
          Attorney-in-Charge
          SBN: 00797890
          Federal ID: 20751
          2900 North Loop West, Suite 500
          Houston, Texas 77092
          Telephone: (713) 868-5560
          Facsimile: (713) 864-46713
          E-Mail: erb@lorancethompson.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on May 25, 2021, pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the above and foregoing document was served on each party to this action by Plaintiff's submission of this document to the U.S. District Court electronically to the DCECF system:

                                     */s/ Cornelia Brandfield-Harvey*
                                     Cornelia Brandfield-Harvey