IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JENTEL JOHNSON** | § § § | |
| *Plaintiff*, | § § | |
| V. | § § | Civil Action No. 4:21-cv-00879 |
| **CONTRACT FREIGHTERS, INC.** | § § § | |
| *Defendant*. | § | |

### PLAINTIFF JENTEL JOHNSON'S FIRST AMENDED COMPLAINT

TO THE HONORABLE COURT:

Plaintiff JENTEL JOHNSON, files this First Amended Complaint against Defendant CONTRACT FREIGHTERS, INC. and respectfully shows this Court the following:

### FACTUAL BACKGROUND

1. On August 23, 2017 Channon Camille Conner ("Conner") was convicted of speeding in Ohio State Court. On April 25, 2019 Conner was convicted on a separate speeding office also in Ohio State Court. On June 19, 2019 Conner was involved in an accident in Cuyahoga Ohio. On December 16, 2019 Conner was issued an Ohio Commercial Driver's License. On or about June 9, 2020 Conner submitted an employment application to work as commercial vehicle driver for Defendant, Contract Freighter, Inc. ("CFI"). Shockingly an offer of employment was extended and subsequently Conner was entrusted with a CFI commercial vehicle.

2. On January 26, 2021 in Harris County, Texas, Conner operated an 18-wheeler vehicle in a right-hand lane in the course and scope of her employment with CFI. Conner failed to yield the right of way on a left-hand turn at an intersection, causing a collision with Plaintiff Jentel Johnson's vehicle which was traveling in the left lane on the road. Conner's vehicle pushed

1

Plaintiff's vehicle into an electrical box, causing severe damage. According to Conner, she never saw Plaintiff's vehicle as she was making the improper turn.

3. The Harris County Constable Precinct 4 issued a citation to Conner for failing to yield when turning left.

[Citation form: "Fail to Yield ROW – Turning Left", Citation/Reference Num C4-EE20135436. Damaged Property Other Than Vehicles: ELECTRICAL BOX, Owner: TXDOT, Owner's Address: 7600 WASHINGTON AVE, HOUSTON, TX 770-. Carrier's Corp. Name: CONTRACT FREIGHTERS INC, Primary Addr: 4701 E 32ND ST, JOPLIN, MO 64804. Carrier ID Num: 00070299. Investigator's Narrative: "UNIT #1 WHICH WAS PULLING UNIT #2 WAS IN THE RIGHT LANE AT THE INTERSECTION IN THE 15300 BLOCK OF E HARDY ROAD AND N SAM HOUSTON PKWY E, AND FAILED TO YIELD THE RIGHT OF WAY ON A LEFT TURN. UNIT #2 STRUCK UNIT #3 WHO WAS IN THE LEFT LANE AT THE INTERSECTION TURNING LEFT. UNIT #1 PUSHED UNIT #3 INTO AN ELECTRICAL BOX CAUSING DAMAGES. UNIT #1 ADVISED THAT SHE DID NOT SEE UNIT #3 AT ALL." Field Diagram location: 15300 E HARDY RD. Time Notified: 1300, Notified On-Viewed. Time Arrived: 1300. Report Date: 01/26/2021. Investigator: Garcia, Mercy. ID Num: C41203 / 05497. Agency: HARRIS COUNTY CONSTABLE PRECINCT 4. Watermark: "Copy from Custodial File". CFI 000036]

4. The incident caused Plaintiff to suffer severe injuries to her body, including but not limited to her lower back and neck. Plaintiff continues to suffer from his injuries.

## PARTIES

5. Plaintiff Jentel Johnson is an individual residing in Texas.

6. Defendant Contract Freighters, Inc. is a foreign for-profit corporation doing business in Texas. Defendant was served with process via its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620 Austin, TX 78701.

## CAUSES OF ACTION

### A. NEGLIGENCE

7. Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

8. Defendant had a duty to Plaintiff and breached that duty. The negligence of Defendant Contract Freighters, Inc. was a proximate cause of Plaintiff's injuries.

9. Defendant breached the duty of reasonable care in one or more of the following ways, among others:

   a. Failing to pay attention to the surroundings;

   b. Failing to keep a proper lookout;

   c. Failing to turn when safe;

   d. Failing to observe and follow traffic laws, and to ensure driver observed and followed those laws;

   e. Failing to keep the vehicle under proper control;

   f. Negligently entrusting the vehicle to Camille Conner;

   g. Negligently hiring, supervising and retaining Camille Conner;

    h. Negligently controlling Camille Conner;

    i. Failing to properly supervise and control driver;

    j. Failing to create or enforce safety rules;

    k. Failing to create or enforce safety rules regarding the operation of vehicles; and

    l. Violating various statutes and regulations, including the Texas Transportation Code.

10. Each of these acts and omissions, singularly or in combination with others, constitutes negligence, which was the proximate cause of this incident and the injuries sustained by Plaintiff.

### B. VICARIOUS LIABILITY

11. Plaintiff re-alleges each aforementioned allegation as if incorporated below. Defendant is responsible for the conduct of its agents due to the relationship that existed, among other acts and omissions of negligence which may be shown during the trial of this cause.

### C. NEGLIGENCE PER SE

12. Plaintiff re-alleges each aforementioned allegation as if fully incorporated below. Defendant's conduct was negligence per se because of a breach of duty imposed by statute. This breach caused Plaintiff's injuries. Specifically, there was a breach of duties imposed by statutes and state law, including, but not limited to, the following:

    a. TEX. TRANSP. CODE ANN. § 545.103: An operator may not turn the vehicle to enter a private road or driveway, otherwise turn the vehicle from a direct course, or move right or left on a roadway unless movement can be made safely.

    b. TEX. TRANSP. CODE ANN. § 545.060: A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

13. Plaintiff is within the class of individuals intended to be protected by these statutes. The statutes are ones for which tort liability may be imposed. The breach of the statutory duties proximately caused Plaintiff's injuries.

### D. NEGLIGENT ENTRUSTMENT

14. Plaintiff re-alleges each aforementioned allegation as if fully incorporated below. Defendant negligently entrusted the vehicle to its driver Camille Conner, as it knew or had reason to know that Conner should not have been operating the vehicle. This was a proximate cause of Plaintiff's injuries.

15. Each of these acts and omissions, singularly or in combination with others, constitutes negligence which was the proximate cause of this incident and Plaintiff's injuries.

### E. NEGLIGENT EXERCISE OF CONTROL

16. Plaintiff incorporates the previous allegations.

17. At all times, Contract Freighters maintained control over its driver Camille Conner. Contract Freighters, Inc. owed a duty to Plaintiff to exercise control over Ms. Conner.

18. Contract Freighters breached that duty.

19. Contract Freighter's negligent control over Conner proximately caused Plaintiff's injuries.

### F. GROSS NEGLIGENCE

20. Plaintiff will further show that the acts and/or omissions of Defendant as described above, when viewed objectively from their standpoint, involve an extreme degree of risk considering the probability and magnitude of the potential harm to others. Defendant had actual subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of the others, including Plaintiff. As such, these actions and omissions constitute gross negligence and malice as those terms are understood by law.

## DAMAGES

21. As a direct and proximate result of the Defendant's negligent acts and/or omissions, Plaintiff has suffered substantial damages for which they seek recovery from Defendant. Plaintiff

prays that they recover a judgment from Defendant for damages in excess of $1,000,000 and that he recovers from Defendant for the following:

a.  Physical pain and suffering in the past;

b.  Physical pain and suffering in the future;

c.  Mental anguish in the past;

d.  Mental anguish in the future;

e.  Physical impairment in the past;

f.  Plaintiff will, in all reasonable probability, suffer physical impairment in the future;

g.  Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of injuries resulting from the incident complained of herein, and such charges were reasonable and were usual and customary charges for such services;

h.  Plaintiff will, in all reasonable probability, incur reasonable and necessary medical care and expenses in the future;

i.  Disfigurement in the past;

j.  Disfigurement in the future;

k.  Loss of earning capacity in the past;

l.  Plaintiff will, in all reasonable probability, incur loss of earning capacity in the future;

m.  Loss of household services in the past;

n.  Loss of household services in the future;

o.  Cost of monitoring and prevention in the future;

p.  Punitive damages in such amount as may be found proper and just under the facts and circumstances as determined by the jury;

q.   Costs of suit;

r.   Prejudgment and post-judgment interest; and

s.   All other relief to which Plaintiff may be justly entitled.

Because of the egregious nature of the actions of the Defendants, Plaintiff seeks punitive damages.

## REQUEST FOR JURY TRIAL

22.   Plaintiff respectfully demands a jury trial and tenders the appropriate fee.

## PRAYER

23.   By reason of all the above and foregoing, Plaintiff is entitled to recover from Defendant the damages set forth in this petition, jointly and severally, within the jurisdictional limits of this Court. Plaintiff seeks damages over $1,000,000. Plaintiff also seeks pre- and post-judgment interest at the maximum legal rate, costs of court, and any other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: /s/ Anthony G. Buzbee
Anthony G. Buzbee
Attorney-in-Charge
Federal Bar No. 22679
Ryan S. Pigg
Texas Bar No. 24088227
Mauricio Guevara
Federal Bar No. 3674537
Cornelia Brandfield-Harvey
Federal Bar No. 3323190
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
tbuzbee@txattorneys.com
rpigg@txattorneys.com

mguevara@txattorneys.com
cbrandfieldharvey@txattorneys.com

**ATTORNEYS FOR PLAINTIFF**