United States District Court
Southern District of Texas
**ENTERED**
July 26, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Jentel Johnson, | § § § | |
| *Plaintiff,* | § § | Case No. 4:21-cv-00879 |
| v. | § § | |
| Contract Freighters, Inc., | § § | |
| *Defendant.* | § § § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

This suit stems from an auto accident involving Plaintiff Jentel Johnson and a commercial truck driver, Channon Camille Conner, who worked for Defendant Contract Freighters, Inc. ("CFI"). CFI filed a motion for partial dismissal of Johnson's claims pursuant to Rule 12(b)(6). Dkt. 23. After carefully considering the motion, Dkt. 23, the response, Dkt. 26, and the applicable law, it is recommended that the motion be granted in part and denied in part.

## <u>Background</u>

CFI hired Ms. Connor to work as commercial driver. Dkt. 22 ¶ 1. Johnson alleges that Ms. Connor was driving a CFI-owned 18-wheeled vehicle, in the course and scope of her employment, when she failed to yield the right-

of-way while turning left at an intersection.  *Id.* ¶ 2.  According to Johnson, Ms. Connor's truck collided with Johnson's vehicle and pushed it into an electrical box, injuring Johnson's back and neck.  *Id.* ¶¶ 2, 4.  Law enforcement issued a citation to Ms. Connor for failure to yield.  *Id.* ¶¶ 3, 4.

CFI filed a motion for partial dismissal of Johnson's claims under Rule 12(b)(6).  Dkt. 23.  In particular, CFI asserts that the Court should dismiss Johnson's claims for negligence per se, negligent entrustment, negligent exercise of control, and gross negligence.  *Id.*

## Legal Standard

Dismissal pursuant to Rule 12(b)(6) is warranted if a party fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "In conducting this analysis, [the court] accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff[]."  *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (quoting *Longoria Next Friend of M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 263 (5th Cir. 2019)).

To survive dismissal, a complaint must include "only enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although "detailed factual allegations" are unnecessary, the complaint must contain sufficient facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550

U.S. at 555); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555, for the principle that allegations must "raise a right to relief above the speculative level").

## Analysis

### I.   Johnson has not stated a cognizable claim for negligence per se.

CFI contends that Johnson's allegations of negligence per se, premised on Texas Transportation Code §§ 545.103 and 545.401,[1] are deficient. Dkt. 23 ¶¶ 17-19. As Johnson correctly notes, her pleading contains enough factual allegations to plausibly suggest that Ms. Connor violated these statutes, and she does not need to prove those allegations at this juncture. Dkt. 26 ¶ 14. Nonetheless, the Court agrees with CFI that these statutes do not "impose[] a duty beyond that which is found at common-law." Dkt. 23 ¶ 19. As a result, neither statute can sustain a claim for negligence per se.

Under Texas law, "[n]egligence per se is a common-law doctrine in which a duty is imposed on a standard of conduct created by a penal statute *rather than* on the reasonably prudent person test used in pure negligence claims." *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997) (emphasis added). For that reason, a statutory standard that does not differ from the common-law

---

[1] Although Johnson cites a different provision, Section 545.060, Dkt. 22 ¶ 12, the statutory language quoted in her pleading comes from Section 545.401(a). *See* Tex. Transp. Code Ann. § 545.401(a) ("A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.").

standard of ordinary care is redundant and subsumed under a general negligence standard. *See Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 456 (Tex. App.—Texarkana 2002, pet. denied) (quoting *Smith v. Cent. Freight Lines, Inc.*, 774 S.W.2d 411, 413-15 (Tex. App.—Houston [14th Dist.] 1989, writ denied)). "So, simply put, if violation of the duty imposed by a statute is dependant upon a *jury* determining if the act was unreasonable or imprudent, then the statute cannot be one involving negligence per se." *Borden, Inc. v. Price*, 939 S.W.2d 247, 250-51 (Tex. App.—Amarillo 1997, writ denied). The same is true of statutes that "require[ ] a person to exercise his or her judgment" and "make a discretionary call." *Miranda-Lara v. Rebert*, 2020 WL 5099968, at *4 (Tex. App.—Beaumont 2020, no pet.).

These principles foreclose Johnson's negligence per se claim, as a matter of law. Section 545.103 prohibits a driver from turning or moving left or right on a roadway "unless movement can be made safely." Tex. Transp. Code Ann. § 545.103. "Texas courts have previously held that a statute that requires a driver to proceed *safely* imposes on the driver a duty of reasonable care, thus precluding a negligence per se instruction." *La.-Pac. Corp. v. Knighten*, 976 S.W.2d 674, 675 (Tex. 1998) (reversing court of appeals' conclusion that negligence per se instruction was warranted based on an analogous traffic law). That forecloses Johnson's reliance on Section 545.103 when asserting negligence per se. *See, e.g.*, *Powell v. Keeley*, 795 F. Supp. 2d 587, 594 (S.D.

4

Tex. 2011) (Section 545.103 "does not create an absolute duty, but holds Defendant to the standard of care exercised by an ordinarily prudent person").

The analysis of Section 545.401 differs only slightly.  That provision makes it a violation to "drive[] a vehicle in willful or wanton disregard" of safety.  Tex. Transp. Code Ann. § 545.401.  This statute fails to "clearly define the prohibited conduct" and "leave[s] room for the driver to make a discretionary call."  *Miranda-Lara*, 2020 WL 5099968, at *4 (analyzing analogous provisions of the Texas Transportation Code).  For that reason, courts have declined to treat violations of Section 545.401 as negligence per se. *See Robinson v. Melton Truck Lines, Inc.*, 2022 WL 174520, at *5-6 (W.D. Tex. Jan. 18, 2022) (reaching this conclusion).

In short, Johnson's cited statutes cannot support a claim for negligence per se.  Accordingly, that claim should be dismissed.

## II.   <u>Johnson has not adequately pleaded a negligent entrustment claim.</u>

CFI also challenges the adequacy of Johnson's pleading of negligent entrustment.  Dkt. 23 ¶¶ 20-21.  The Court agrees that Johnson's allegations are insufficient to state a plausible negligent entrustment claim.

Under Texas law, a negligent entrustment has five elements of proof: (1) the defendant "entrusted the vehicle" to another; (2) the other "was an unlicensed, incompetent, or reckless driver"; (3) "at the time of the

5

entrustment, [the defendant] knew or should have known that [the other] was unlicensed, incompetent, or reckless driver"; (4) the other "was negligent on the occasion in question; and (5) the other's negligence "proximately caused the accident." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007) (per curiam). For the second element, the Texas Supreme Court has emphasized an "important distinction between an operator who is 'incompetent or reckless' and one who is merely 'negligent.'" *4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 909-10 (Tex. 2016). "Because negligent entrustment 'requires a showing of more than just negligence,' it is not enough to show, for example, that a driver might have a momentary lapse in judgment or otherwise act negligently." *Mejia-Rosa v. John Moore Servs., Inc.*, 2019 WL 3330972, at *9 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (quoting *4Front Engineered Sols, Inc.*, 505 S.W.3d at 910-11). Rather, the driver's record must "contain[] convictions and violations that are related to the accident, frequent, and recent." *Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 653 (S.D. Tex. 2016). Merely asserting that a driver was reckless or incompetent is insufficient to survive dismissal. *See, e.g.*, *O'Donnell v. Diaz*, 2018 WL 3827617, at *3 (N.D. Tex. Aug. 9, 2018) ("The Court need not, and does not, accept such conclusory allegations as true.").

The only allegations concerning Ms. Conner's claimed incompetence state that she had two convictions for speeding (August 23, 2017 and April 25,

2019) and was involved in an unspecified accident on June 19, 2019. Dkt. 22 ¶ 1. CFI hired Ms. Connor sometime after she submitted an employment application on June 9, 2020—two years and nine months after her August 23, 2017 conviction, and 13 months after the April 25, 2019 conviction. *See id*. Courts have rejected similar driving records as insufficient to show that a driver was unfit for employment. *See Baird v. Shagdarsuren*, 2020 WL 208815, at *6 (N.D. Tex. Jan. 14, 2020) (holding one ticket and one accident failed to show that the driver was incompetent, noting that "the most recent violation preceded [the driver's] accident by almost one year"); *Brown v. McClure*, 2021 WL 6119990, at *7-8 (Tex. App.—Houston [1st Dist.] Dec. 28, 2021, no pet.) (affirming summary judgment where driver had "one ticket for an improper turn, two speeding tickets, and two unspecified driving safety courses") (relying on *Mayes*, 236 S.W.3d at 758); *see also, e.g.*, *Phillips*, 189 F. Supp. 3d at 653 (observing that "[a] record with two moving violations or accidents within a two-year period prior to the accident is also insufficient") (citing *Broesche v. Bullock*, 427 S.W.2d 89, 93 (Tex. Civ. App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.)).

There is also no indication that either of Ms. Connor's past speeding infractions or the June 2019 accident—for which no particulars are provided, Dkt. 22 at 1—are related to the underlying accident where Ms. Connor allegedly failed to yield while turning left. *See, e.g.*, *Baird*, 2020 WL 208815,

at *1, 6 (observing that neither of the driver's prior violations "relate to an improper turn," as in the underlying suit).   Johnson's allegations, taken as true, fail to meet the high threshold for establishing Ms. Connor's incompetence under Texas law.   Her negligent entrustment claim therefore should be dismissed.

## III.   <u>Johnson sufficiently pleaded a claim for negligent exercise of control.</u>

CFI's sole challenge to Johnson's claim for negligent exercise of control conflicts with the factual allegations in the First Amended Complaint.   Dkt. 23 ¶¶ 22-23.   CFI invokes a principle of Texas law that circumscribes an employer's duty to control *off-duty* employees.   *Id.* ¶ 22 (emphasizing that "an employer is liable only for the off-duty torts of his employees which are committed on the employer's premises or with the employer's chattels") (quoting *Loram Maint. of Way, Inc. v. Ianni*, 210 S.W.3d 593, 596 (Tex. 2006) (cleaned up)).   Yet Johnson alleges that CFI's employee, Ms. Connor, caused the accident while driving "in the course and scope of her employment with CFI."   Dkt. 22 ¶ 2.   The reasonable inference here is that Ms. Connor was *on*-duty for CFI when she caused the accident.   Accepting Johnson's allegations as true, CFI fails to identify a valid basis for dismissal.

CFI's contention is doubly flawed because its cited principle does not apply even to an off-duty employee who committed a tort "with the employer's

chattels." *Loram Maint. of Way, Inc.*, 210 S.W.3d at 596.  Yet Johnson alleges that Connor "was entrusted with a CFI commercial vehicle"—*i.e.*, CFI's chattels—and was driving that vehicle for CFI when she caused the accident. Dkt. 22 ¶¶ 1, 2.  Under CFI's own authority, Johnson has adequately pleaded a claim for negligent exercise of control.

## IV.   <u>Johnson failed to plead a plausible gross negligence claim.</u>

CFI does, however, correctly assert that Johnson has not adequately pleaded a gross negligence claim.  As reflected in Johnson's response, her supporting allegations consist entirely of formulaic statements that parrot the statutory definition of gross negligence.  *Compare* Dkt. 22 ¶ 20 (alleging that CFI's "acts and/or omissions ... as described above, when viewed objectively from their standpoint, involve an extreme degree of risk considering the probability and magnitude of the potential harm to others.  Defendant had actual subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of the others, including Plaintiff"), *with* Tex. Civ. Prac. & Rem. Code Ann. § 41.001(11) (defining gross negligence as an act or omission that "involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and ... of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others").

Johnson's conclusory assertions are devoid of any factual allegations supporting a reasonable inference that CFI's conduct posed an "extreme degree of risk," that CFI was actually aware of that risk, and that CFI was consciously indifferent to the rights, safety, or welfare of others. *See, e.g.*, *Kent v. Wal-Mart Stores Tex., LLC*, 2018 WL 953348, at *3 (S.D. Tex. Feb. 20, 2018) (denying leave to amend to assert a gross negligence claim that "provides only the standards set out in the Texas Civil Practice and Remedies Code," without supporting factual detail); *see also, e.g.*, *Charles v. K-Patents, Inc.*, 2018 WL 9869532, at *7 (E.D. Tex. Aug. 10, 2018) (dismissing gross negligence claim where the allegations "merely restate the elements of the cause of action"); *Quesnot v. Costco Wholesale Corp.*, 2016 WL 11586209, at *2 (W.D. Tex. Aug. 24, 2016) (dismissing analogous, conclusory gross-negligence allegations under Rule 12(b)(6)). Johnson's failure to plead a plausible basis for finding that CFI was grossly negligent warrants dismissal of that claim.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the Court **GRANT IN PART** and **DENY IN PART** Defendant Contract Freighters, Inc.'s Second Partial Motion to Dismiss Plaintiff's Claims Pursuant to Rule 12(b)(6) (Dkt. 23), **DISMISS** Plaintiff Jentel Johnson's claims for negligence per se, negligent entrustment, and gross negligence, and **DENY** Defendant's request for dismissal of Plaintiff's claim for negligent exercise of control.

The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on July 26, 2022, in Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge